UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN MAURICE LINDSEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0233-CVE-SH |
| | ) |
| STEVEN HARPE,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Brian Maurice Lindsey, a state prisoner appearing pro se,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2016-4667. Respondent Steven Harpe has moved to dismiss the petition, arguing that Lindsey failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Respondent argues, in the alternative, that Lindsey's petition contains one unexhausted claim and should therefore be dismissed without prejudice. Having considered the petition (Dkt. # 1), respondent's motion to dismiss (Dkt. # 8)

---

[1] Lindsey presently is incarcerated at the Davis Correctional Facility (DCF), in Holdenville, Oklahoma, a privately-operated prison. The Court therefore substitutes Steven Harpe, Director of the Oklahoma Department of Corrections, in place of Scott Crow, the ODOC's former director, as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] Because Lindsey appears without counsel, the Court must liberally construe his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, is neither required nor permitted to assume the role of Lindsey's advocate by constructing legal arguments on his behalf or scouring the record for facts to support his claims. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

and brief in support (Dkt. # 9), and Lindsey's response in opposition to the motion (Dkt. # 10), the Court grants respondent's motion and dismisses the petition as barred by the statute of limitations.

I. BACKGROUND

On May 30, 2017, Lindsey entered a plea of guilty to feloniously pointing a firearm, in violation of OKLA. STAT. tit. 21, § 1289.16, and to possessing a firearm while a convicted felon, in violation of OKLA. STAT. tit. 21, § 1283. Dkt. # 9-1, at 1, 10; Dkt. # 9-2, at 2-3, 7.[3] The state district court imposed twenty-year terms of imprisonment for each count, to be served concurrently. Dkt. # 9-1, at 1, 10. Lindsey did not seek direct review of his convictions through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 9-2, at 7-10. Nearly four years after his conviction, however, on February 26, 2021, Lindsey filed an application for postconviction relief, ostensibly seeking leave to file an appeal out of time, alleging that the state court lacked jurisdiction to prosecute him for the reasons articulated in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Dkt. # 9-3, at 3-4 (stating that he is a "member of the Delaware Tribe" and the crimes occurred on the "Creek reservation"). The state district court denied Lindsey's application on October 22, 2021. Dkt. # 9-5. Lindsey appealed the decision to the OCCA, which affirmed the denial on April 5, 2022. Dkt. # 9-10.

Lindsey then initiated his federal habeas action on May 23, 2022,[4] alleging that he received ineffective assistance of counsel and that, under the dictates of McGirt, the state court lacked jurisdiction to prosecute him. Dkt. # 1, at 5-17, 28-34.

---

[3] The Court's citations refer to the CM/ECF header pagination.

[4] The petition is file-stamped May 26, 2022. Dkt. # 1, at 1. But Lindsey declares, under penalty of perjury, that he delivered the petition to prison authorities on May 23, 2022, postage prepaid, through the prison's legal mail system. Id. at 42; see Fleming v. Evans, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (deeming petition filed when delivered to prison's legal mail system).

II.     DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

   a. Commencement of the Limitations Period

Lindsey contends that his petition is timely under § 2244(d)(1)(D) because he did not discover the factual predicate of his claims until the Supreme Court determined on July 9, 2020, that Congress had not disestablished the Creek Nation Reservation. Dkt. # 1, at 41. The fact that the Creek Nation Reservation has not been disestablished, however, was discoverable through the exercise of due diligence long before the Supreme Court analyzed the issue in McGirt. See Ford v. Dowling, No. 22-6138, 2023 WL 2641476, at *3 (10th Cir. Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is inapplicable because nothing in McGirt can be said to reveal a new

3

factual predicate for [the petitioner's] claim.");[5] Stiltner v. Nunn, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (unpublished) ("[A] reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before McGirt was decided in 2020."). Even if the Court were to accept Lindsey's argument regarding the applicability of § 2244(d)(1)(D), his habeas petition would nonetheless be untimely, as Lindsey did not initiate this action within one year of the McGirt decision.

Lindsey additionally argues that his petition is timely because jurisdictional claims may be "raised at any time after a conviction." Dkt. # 1, at 40; see Dkt. # 10, at 3-4. Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations. See Pacheco v. Habti, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); Murrell v. Crow, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)).

Since Lindsey has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his habeas action began to run pursuant to § 2244(d)(1)(A) on the date on which his judgment became final by the expiration of his time to seek direct review. Lindsey was afforded 10 days from May 30, 2017, the date of his sentencing hearing, to initiate a direct appeal by requesting the withdrawal of his guilty plea. See Okla. Crim. App. R. 4.2(A); Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012). Lindsey failed to meet this deadline, and

---

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

his judgment therefore became final on June 9, 2017. The limitations period expired one year later, on June 9, 2018, rendering his May 23, 2022, federal habeas petition untimely absent statutory or equitable tolling.

### b. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitations period prescribed by the AEDPA. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Thus, Lindsey's February 26, 2021, application for postconviction relief does not toll the one-year limitations period.

Equitable tolling also may provide petitioners additional time in which to initiate their federal habeas actions. Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Lindsey has failed to demonstrate either requirement. Though his claims are predicated on McGirt, he waited nearly two years from the Supreme Court's ruling to seek habeas relief, and nothing in Lindsey's submissions indicates that extraordinary circumstances precluded the timely submission of his action. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a

strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).

III.   CONCLUSION

Based on the foregoing, the Court grants respondent's dismissal motion (Dkt. # 8) and dismisses the petition as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); see Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Steven Harpe in place of Scott Crow as party respondent;

2. respondent's motion to dismiss (Dkt. # 8) is **granted**;

3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 24th day of April, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE